**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

ROLAND MA,

             Appellant,

             v.

GALLERY BELLTOWN
CONDOMINIUM ASSOCIATION,

             Respondent,

THE CWD GROUP, INCORPORATED,
AS THE REGISTERED AGENT OF
GALLERY BELLTOWN
CONDOMINIUM ASSOCIATION AND
PROPERTY MANAGEMENT
COMPANY; AND HUB
INTERNATIONAL NORTHWEST LLC,
THE LIABILTIY INSURANCE CARRIER
OF GALLERY BELLTOWN
CONDOMINIUM PROPERTIES,

             Defendants.

No. 81465-6-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, C.J. — Roland Ma appeals the trial court's dismissal of his complaint against Gallery Belltown Condominium Association, the homeowners' association for the condominium where Ma resides. Despite multiple admonitions from this court, Ma's appellate brief fails to comply with the Rules of Appellate Procedure (RAPs), including by repeatedly referencing materials outside the record. Additionally, Ma does not

advance any meaningful argument in support of reversal. Accordingly, we affirm.

<u>FACTS</u>

In October 2019, Ma filed a pro se complaint naming among others the association; The CWD Group, Incorporated, the association's registered agent; and HUB International Northwest LLC, the association's insurance carrier. Ma's complaint alleged "[u]npaid damages to the unit [of] about $16k"; it also alleged that the defendants unlawfully provided his unit's keys to a law enforcement officer. The complaint did not set forth any additional facts, and it did not specify any causes of action. The association and The CWD Group (collectively the HOA) moved to dismiss the complaint for failure to state a claim and the superior court granted the motion. In its order, the court stated that dismissal would be without prejudice, provided that Ma "has one[ ]week from the date of this order to file a motion to amend his Complaint." If Ma failed to do so, the dismissal would be with prejudice.

Ma subsequently moved to amend his complaint. In his proposed amended complaint, Ma named the HOA and HUB International as defendants and alleged that he incurred nearly $16,000 in damages related to repair work completed in his unit following an August 2019 water damage incident. The HOA opposed Ma's motion to amend, arguing that amendment would be futile because even Ma's proposed amended complaint failed to state a claim. The superior court, apparently agreeing, entered an order denying Ma's motion to amend and dismissed Ma's original complaint with prejudice. No appeal was taken from that order.

In March 2020, Ma filed another pro se complaint against the HOA and HUB International. The March 2020 complaint is identical in all material respects to Ma's

proposed amended complaint from the earlier litigation. Like Ma's proposed amended complaint, the March 2020 complaint alleged damages related to the repair work in Ma's unit following an August 2019 water damage incident. The HOA and HUB International moved to dismiss Ma's complaint under CR 12(b)(6), arguing that Ma's claims were barred by res judicata because they involved the same incident, parties, and causes of action as his earlier complaint. The defendants also argued that Ma's claims were barred by collateral estoppel.

In response to the motion to dismiss, Ma asserted among other things that his March 2020 complaint alleged damages related to not only the August 2019 water damage incident, but also another incident that occurred on February 2, 2020.

In May 2020, after hearing oral argument from the parties, the trial court granted the defendants' motion and dismissed Ma's complaint with prejudice. In doing so, the court observed that although Ma asserted that his March 2020 complaint was different from his October 2019 complaint in that it encompassed damages from a February 2020 incident, "the complaint in this case has no such allegations." The court stated that Ma's prior case was "in all important ways . . . identical to the current case," and "the basis for the prior case appears to be the same as the basis for the current case and that is not permitted." The court stated further, "Whether or not [Ma] articulated his prior complaint well or poorly, he only has one opportunity to make his case and cannot file a subsequent action when he fails at the first."

Ma appeals.[1]

---

[1] Ma filed a notice of discretionary review. On July 8, 2020, a commissioner of this court ruled that the notice of discretionary review would have the effect of a notice of appeal given the nature of the order of which Ma sought review.

ANALYSIS

As a pro se litigant, Ma is held to the same standards as an attorney and must comply with all procedural rules on appeal. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Among these rules is RAP 10.3(a)(6), under which an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Failure to support assignments of error with legal arguments precludes review; so may failure to comply with procedural rules. Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991); State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). Similarly, arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Here, Ma asserts that the "primary questions in this appeal" are "(1) whether a declaration . . . amended by three board members can be enforceable or not" and "(2) whether the amended declaration, amended articles and the amended bylaws of a homeowners' association, do grant the jurisdiction to three Board members of the association for any personally liable matters." Ma assigns error to the trial court's dismissal of his case before the parties could argue the merits of these issues. But he fails to support this assignment of error with meaningful analysis or citations to pertinent legal authority. Instead, the "argument" section of Ma's brief is focused entirely on the

No. 81465-6-I/5

merits of his underlying claims. Additionally, despite multiple admonitions from this court to refer to the record,[2] Ma fails to cite to the record in support of his arguments. Rather, Ma repeatedly refers to materials in an attached appendix that are not of record in this appeal. See RAP 10.3(a)(8) ("An appendix may not include materials not contained in the record on review without permission from the appellate court, except as provided in rule 10.4(c)."). Under the authorities cited above, the foregoing failures are fatal to Ma's appeal. And to the extent that Ma renews his argument that his March 2020 complaint should not have been dismissed because it raised claims related to water damage incidents other than the August 2019 incident, the trial court correctly observed that Ma's complaint asserts no such claims.

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____        _____
Dwyer, J.                       Appelwick, J.

---

[2] Ma filed an opening brief on December 7, 2020. The clerk of this court returned it for failure to comply with the RAPs. The clerk's letter included a checklist that explained among other things that references must be to the record and not to appendices, and that appendices may not include materials outside the record without permission from this court.

Ma filed another opening brief on December 28, 2020. It, too, was returned for failure to comply with the RAPs. In the commissioner's January 5, 2021 notation ruling to that effect, the commissioner stated, "Among other things, each factual assertion in the brief must be supported by a reference to the record (specific pages of the clerk's papers and report of proceedings), not to a separate appendix." The ruling also stated that Ma's case would be dismissed without further notice if he did not file an opening brief in compliance with the RAPs by January 25, 2021.

Ma filed a third opening brief on January 19, 2021. As a commissioner noted in a subsequent ruling, "[d]espite the specific instructions provided in the January 5 ruling, the eight-page brief still attaches a 500 plus page appendix and refers to the attached documents, instead of the clerk's papers or report of proceedings." The commissioner ruled that the brief would be accepted but stated that "the deficiencies in [the] brief may preclude review and may be a basis for sanctions."